IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:18-cv-61732-FAM

PATRICIA KENNEDY, individually,

    Plaintiffs,

v.

DW CL V, LLC  a Delaware limited liability
Company dba Crossland  Economy Studios and
CL OPCO LLC, a Delaware Limited Liability
Company dba Crosslands Fort Lauderdale,

    Defendant.
_____/

## DEFENDANT CL OPCO, LLC'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, CL OPCO LLC, ("CL") by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") and states as follows:

1. CL is without sufficient knowledge or information set forth in Paragraph 1; therefore, denied.

2. CL is without sufficient knowledge or information set forth in Paragraph 2; therefore, denied.

3. CL denies paragraph 3 as phrased. ADA, 28 CFR 36.201(a) and 36.104, speaks for itself.

4. CL admits Paragraph 4 for Jurisdictional purposes only, denied as to the remainder.

5. CL Admits paragraph 5 for Jurisdictional purposes only, denied as to the remainder; 28 U.S.C. §1331, 28 U.S.C. §1343, 42 U.S.C. §12181, U.S.C. §2201, and U.S.C. §2202, speaks for itself.

6. CL denies Paragraph 6 as phrased; Code of Federal Regulations, the Americans with Disabilities Act Architectural Guidelines, and 2010 ADA Standards, speaks for itself.

7. 28 C.F.R. Section 36.302(e)1, speaks for itself, and therefore CL denies the allegations.

8. CL denies Paragraph 8 as phrased; 28 C.F.R. Section 36.302(e), speaks for itself.

9. CL denies the allegations set forth in Paragraph 9.

10. CL is without sufficient knowledge or information set forth in Paragraph 10; therefore, denied.

11. CL is without sufficient knowledge or information set forth in Paragraph 11; therefore, denied.

12. To the extent the allegations in Paragraph 12 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 12 and strict proof is demanded thereof.

13. To the extent the allegations in Paragraph 13 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 13 and strict proof is demanded thereof.

14. To the extent the allegations in Paragraph 14 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 14 and strict proof is demanded thereof.

15. To the extent the allegations in Paragraph 15 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 15 and strict proof is demanded thereof.

16. To the extent the allegations in Paragraph 16 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 16 and strict proof is demanded thereof.

17. To the extent the allegations in Paragraph 17 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 17 and strict proof is demanded thereof.

18. To the extent the allegations in Paragraph 18 call for legal conclusions, no response is required. To any further extent, CL denies the allegations set forth in Paragraph 18 and strict proof is demanded thereof.

19. CL denies Paragraph 19 including all subparts as phrased; 42 U.S.C. §12188, ADA, and 28 C.F.R. Section 36.302(e), speaks for itself.

20. To the extent not specifically admitted, all allegations are denied.

To the extent that Plaintiff's WHEREFORE Paragraph requires a response from CL, the allegations contained in Plaintiff's WHEREFORE Paragraph are denied.

## AFFIRMATIVE DEFENSES

1.     As its First Affirmative Defense, CL asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     As its Second Affirmative Defense, CL asserts this action should be dismissed for mootness.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**, 2 ALHAMBRA PLAZA, Suite 1110, CORAL GABLES, FL 33134,
TELEPHONE (786) 353-0210, FACSIMILE (786) 513-2249

3. As its Third Affirmative Defense, CL asserts Plaintiff failed to state any cause of action because she has failed to identify any place of public accommodation to which she was unlawfully denied access or of which she was unlawfully denied any benefits and privileges afforded to guests without disabilities.

4. As its Fourth Affirmative Defense, CL asserts Plaintiff has failed to state any cause of action because her claims are beyond the scope of relief provided by Title III.

5. As its Fifth Affirmative Defense, CL asserts Plaintiff's claims should be dismissed because she has failed to allege any facts that would give rise to any cause of action.

6. As its Sixth Affirmative Defense, CL asserts Plaintiff fails to state a cause of action as she is not prevented or denied access of the physical brick and mortar hotel location, or impeded from booking ADA accessible rooms on its subject website.

7. As its Seventh Affirmative Defense, CL asserts Plaintiff has demanded modifications which are either not readily achievable, not technically feasible, not required, would create an undue hardship on the Defendant, or would fundamentally alter the way that Defendant provides goods and services.

8. As its Eighth Affirmative Defense, CL asserts Plaintiff does not have standing to bring this action, as she did not visit the physical location prior to filing its Complaint and therefore, its Complaint should be dismissed.

9. As its Ninth Affirmative Defense, CL asserts, CL has already have taken action to accommodate individuals with disabilities, and therefore the litigation instituted and continued by the Plaintiff is not a material or contributing factor in bringing about any required modifications and therefore cannot serve as the basis for attorneys' fees or injunctive relief in this action.

10. As its Tenth Affirmative Defense, CL asserts Plaintiff's claims are barred because the claimed violations are "de minimis" and non-actionable because they do not materially impair Plaintiff's use of the defendant property or impair the Plaintiff's ability to utilize other lines of communication to make hotel reservations or access accessibility information.

11. As its Eleventh Affirmative Defense, CL asserts it has made good faith efforts to comply with the ADA and all violations alleged in the Plaintiff's Complaint. Further, Plaintiff's Complaint does not satisfy the proper requirements to bring a claim under Title III.

12. As its Twelfth Affirmative Defense, CL asserts its website is not a place of public accommodation.

13.     As its Thirteenth Affirmative Defense, CL asserts its website is not a service, privilege, advantage, or accommodation of CL's physical place of public accommodation.

14.     As its Fourteenth Affirmative Defense, CL asserts Plaintiff failed to properly allege a nexus between CL's website and a physical location.

15.     As its Fifteenth Affirmative Defense, CL asserts the causes of action alleged therein are barred to the extent they are based on visits to the website before the date the Complaint was filed.

16.     As its Sixteenth Affirmative Defense, CL asserts the causes of action alleged therein are barred because the statutes alleged in the Complaint do not require accessibility to the defendant's website https://www.crosslandstudios.com/crossland-fort-lauderdale-commercial-blvd./.

17.     As its Seventeenth Affirmative Defense, CL asserts Plaintiff's complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Complaint require accessibility information, the absence of any defined standards having the force of law renders the standards impermissibly vague and ambiguous.

18.     As its Eighteenth Affirmative Defense, CL asserts Plaintiff's causes of action are barred in whole or in part to the extent the operation of certain aspects of the website are subject of the control of third parties acting outside the scope of agency, employment or control of the defendant.

19.     As its Nineteenth Affirmative Defense, CL asserts Plaintiff's Complaint and the causes of action alleged therein are barred by the doctrine of primary jurisdiction, in that the United States Department of Justice ("DOJ") has announced an intention to regulate in the area of website accessibility, and has primary jurisdiction over this area, as contrasted with the multiplicity of other state and local jurisdictions and their respective agencies who would otherwise purport to regulate in a manner that would necessarily be inconsistent with pending DOJ regulation.

20.     As its Twentieth Affirmative Defense, CL asserts Plaintiff's Complaint and causes of action alleged therein are barred by failure to state a clear and concise statement of her claim, including, without limitation, her failure to state a date or dates on which he allegedly encountered barriers on the subject website and to identify specific information that was not accessible.

CL reserves the right to amend its affirmative defenses as discovery continues.

## DEMAND FOR JURY TRIAL

Defendant, CL OPCO LLC, hereby demands trial by jury of all issues so triable as of right.

Respectfully submitted,

BY: */s/* Seth V. Alhadeff

SETH V. ALHADEFF FBN  525235
STEFANIE PHILLIPS FBN 105475
Seth.Alhadeff@lewisbrisbois.com
Stefanie.Phillips@lewisbrisbois.com

Lewis Brisbois Bisgaard & Smith LLP
The Alhambra
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
*Attorneys for Defendant CL OPCO LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **19th day of September, 2018**, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system on the following individuals identified on the attached Service List.

BY:  */s/* SETH V. ALHADEFF
SETH V. ALHADEFF FBN 525235
Lewis Brisbois Bisgaard & Smith LLP
The Alhambra
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
*Attorneys for Defendant CL OPCO, LLC*

## SERVICE LIST

Kathy Houston , Esq. Of Counsel
Thomas B. Bacon, P.A.
15321 S. Dixie Hwy., Suite 205
Miami, FL 33157
Email: khouston@houstonlawfl.com
tbb@thomasbaconlaw.com